## B. McHam v. Ann Gentry.

1. If a party to a suit before a justice of the peace recover a judgment, and the justice grants a new trial in such a manner that the successful party deems it contrary to law and void, he should not afterwards appear and contest the case at the new trial; if he does so appear, his objections to the grant of the new trial will be considered waived.

Appeal from Lamar. Tried below before the Hon. Winston Banks.

This was an injunction suit, in which the appellant was the plaintiff. In his petition he represented that on the first day of February, 1869, a judgment for costs was rendered in his favor by John H. Fowler, a justice of the peace, in a suit wherein the appellee was plaintiff and he, appellant, was defendant, which suit

was then tried by a jury. That on the same day, the justice, without affidavit for a new trial, and without notice to petitioner, and in his absence, granted a new trial to the opposite party. That at the next term, March 1, 1869, the justice again called the cause for trial, and petitioner, having accidentally heard of the new trial, appeared and moved a dismissal of the cause for want of jurisdiction; but that the justice overruled the motion, contrary to law, and forced petitioner, who refused to announce for trial, into a trial of the cause, which resulted in judgment against him for one hundred dollars and costs. That execution would issue, unless enjoined, etc.

The preliminary injunction was awarded on the fiat of the judge.

The answer of the appellee, however, and the transcript from the justice's court, made a different case than that presented in the petition. She stated that when the verdict was returned against her at the first trial, her attorney, in open court, notified McHam's attorney that he would immediately apply for a new trial, and as soon as he could draw up a motion for that purpose, it was presented, and the court instantly set aside the verdict and continued the cause for a new trial; that afterwards, and two or three weeks before the new trial, McHam came to the justice and got subpœnas for his witnesses; that though he did move a dismissal when the case was called on a new trial, yet when the motion was overruled, he again called for a jury and made his defense. The transcript from the justice's court was exhibited as part of the answer, and verified its material allegations.

The injunction was dissolved by the district court on the coming in of this answer, and judgment was rendered against McHam and the sureties on his injunction bond. He excepted to this ruling of the court, and appeals.

*Dohoney & Hale*, for the appellant.—A justice of the peace has no authority to grant a new trial in any civil suit tried before

him, until the party applying therefor shall make an affidavit in writing, showing a good cause why it should be granted, and give the opposite party, his agent or attorney, one day's notice of such application. (Paschal's Dig., Art. 1199.)

After the rendition of judgment, a justice of the peace cannot re-acquire jurisdiction over the persons to the suit, and the subject matter, until all the pre-requisites of the statute are complied with; and any judgment so rendered by him, on a subsequent trial of the cause, is a nullity. (Aycock v. Williams, 18 Tex. R., 395.)

A party may voluntarily appear in court for the purpose of dismissing any illegal proceedings against him, without waiving the necessity of the service of process. That when a party voluntarily appears for one purpose, he is not necessarily there for all purposes. (DeWitt v. Monroe, 20 Tex. R., 289, and cases cited.)

No brief for the appellee.

Morrill, C. J.—A question of practice before a justice's court is here presented.

If the appellant had any grounds of complaint as to the method of granting a new trial before the justice of the peace, his appearance at the second trial was a waiver thereof.

He makes no complaint of the judgment; at least he does not complain in the way and manner that authorizes us to interfere in it, wherefore the judgment of the district court is affirmed.

Affirmed.